ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Sang Kash Company | ) ASBCA No. 62148 |
| | ) |
| Under Contract No. W91B4N-15-D-8013 | ) |

APPEARANCE FOR THE APPELLANT:    Mr. Abdul Bari
    President

APPEARANCES FOR THE GOVERNMENT:    Scott N. Flesch, Esq.
    Army Chief Trial Attorney
    Harry M. Parent III, Esq.
    MAJ Stephen M. Hernandez, JA
    Trial Attorneys

### OPINION BY ADMINISTRATIVE JUDGE WOODROW ON THE GOVERNMENT'S MOTION TO DISMISS PURSUANT TO BOARD RULE 12.3

Appellant elected the Board's accelerated procedure under Rule 12.3 for appeals under $100,000. Subsequent to that election, the government filed a motion to dismiss the above-captioned appeal contending that it is either: (1) an untimely motion for reconsideration; (2) a duplicate appeal that should be barred by the doctrine of *res judicata*; or (3) a new appeal in which appellant has failed to present any evidence that it submitted a claim to the contracting officer for a final decision. For the reasons stated below, we dismiss the appeal.

### STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. In an opinion dated June 11, 2019, we upheld the government's termination for default. *Sang Kash Co.*, ASBCA No. 60532, 19-1 BCA ¶ 37,373. Familiarity with the facts in that appeal is presumed.

2. On July 8, 2015, the Army (Army or government) awarded Contact No. W91B4N-15-D-8013 (the contract) to Sang Kash Company (Sang Kash, appellant). *Id.* at 181,700. The contract was an indefinite delivery/indefinite quantity (IDIQ) contract to obtain bulk concrete for Bagram Airfield, Parwan Province, Afghanistan, with no guaranteed minimum quantity. *Id.*

3. On March 29, 2016, pursuant to Federal Acquisition Regulation (FAR) 52.249-10, Default, the Army contracting officer (CO) terminated the contract and its task orders for "[v]iolation of Contract Clause 5152.225-5916 Mandatory Eligibility for Base Access." *Id.* at 181,701. The contracting officer's final decision (COFD) included the standard appeal rights set forth at FAR 33.211(a)(4)(v), CONTRACTING OFFICERS DECISION. *Id.* The modification was countersigned as being received by Sang Kash's representative. *Id.*

4. On April 13, 2016, Sang Kash challenged the termination for default and appealed the COFD to the Board, docketed as ASBCA No. 60532. *Id.*

5. On May 10, 2016, the Commander of Bagram Airfield denied appellant's request for reconsideration of its denial of base access. *Id.*

6. Nearly three years later, on April 20, 2019, appellant allegedly sent a letter which purports to be the appeal of a claim "to reimburse for our quantum claim to cover our expenses which we maintain the project operational and functional [sic]." According to the letter, it was sent to the attention of "Agency [B]oard of [C]ontract [A]ppeals [at] Regional Contracting Center – East" in Bagram, Afghanistan. (Bd. corr. ltr. dtd. August 20, 2019 at 2)

7. In a decision dated June 11, 2019, we upheld the government's termination for default. *Sang Kash Co.*, 19-1 BCA ¶ 37,373.

8. On August 20, 2019, appellant transmitted its April 20, 2019 letter directly to the Board's Recorder via email. The Board docketed it as ASBCA No. 62148. Appellant's transmittal email states:

> [W]e appeal to reimburse for our quantum claim to cover our expenses which we maintain the project operational and functional. [W]e informed the contracting department upon termination but we did not received direction how to submit claim and to whom. [B]ut recently we understand from another ASBCA that we can submit our claim within six years from termination. Recently I contacted contracting officer but he did not give response, therefore we appeal to [the] [b]oard.

(Bd. corr. ltr. dtd. August 20, 2019 at 1)

9. On September 15, 2019, Sang Kash filed its complaint in ASBCA No. 62148. The complaint contains an "expenses report summary" setting forth alleged costs associated with the termination of Task Order Nos. 0007, 0009, and the base contract.

The costs include salary for onsite personnel and equipment rental for the months prior to the termination for default on March 29, 2016. In summary, Sang Kash claims the following costs:

| Base Contract | $79,300.00 |
| Task Order No. 0009 | $14,080.00 |
| Task Order No. 0007 | $2,700.00 |
| **Total Claim** | **$96,080.00** |

(Compl. at 2)

10. On September 24, 2019, the government filed a motion to dismiss ASBCA No. 62148, and, on October 3, 2019, Sang Kash filed its response to the government's motion to dismiss.

11. In its complaint, Sang Kash elected to proceed under Board Rule 12.3. (compl. at 1).

DISCUSSION

I. CONTENTIONS OF THE PARTIES

Pending before us is the government's motion to dismiss. In support, the government raises three alternative grounds for dismissal. First, the government contends that the appeal is an untimely motion for reconsideration of our June 11, 2019 decision. Second, the government contends that the appeal is a duplicate appeal of the appeal denied in ASBCA No. 60532, and should be dismissed pursuant to the doctrine of *res judicata*. Third, the government contends that, to the extent that the appeal is considered a new appeal, it is outside the Board's jurisdiction, because appellant has failed to present any evidence of a separate claim being submitted to the contracting officer. (Gov't mot. at 2-3)

In response, Sang Kash contends that it is not seeking reconsideration of its original appeal, but instead is filing a new appeal. According to Sang Kash, its new appeal is not duplicative of its original appeal, because the original appeal sought only to convert the termination for default into a termination for convenience. The new appeal, in contrast, is for unpaid expenses which Sang Kash allegedly incurred during the course of contract. (App. resp. at 3)

3

With respect to the timeliness of its appeal, Sang Kash maintains that it sent several emails to the contracting office at Bagram Air Base, but did not receive any responses. Sang Kash cites *Europe Asia Construction Logistics*, ASBCA No. 61553, 19-1 BCA ¶ 37,267, for the proposition that a contractor can submit a quantum claim within six years of the contracting officer's final decision, and that Sang Kash submitted its claim within six years of the March 29, 2016 COFD. (App. resp. at 3)

## DECISION

### *Untimely Motion for Reconsideration*

We agree with Sang Kash that this appeal is not the same appeal as its previous appeal of the government's termination for default. We also agree that this appeal does not seek reconsideration of our June 2019 decision upholding the government's termination for default, but, instead, seeks recovery of costs incurred prior to the termination. Accordingly, the government's contention that appellant's filing is an untimely motion for reconsideration is without merit.

### *Res Judicata*

This appeal is not barred by the doctrine of *res judicata*. *Res judicata* applies when (1) the parties are identical or in privity, (2) the first suit proceeded to a final judgment on the merits, and (3) the second claim is based on the same set of transactional facts as the first. *Phillips/May Corp. v. United States*, 524 F.3d 1264, 1268 (Fed. Cir. 2008). Although this appeal involves the same parties and the same contract, it is not based on the same set of transactional facts as the first appeal.

The first appeal turned on the question of whether Sang Kash met the contractual requirement of maintaining its base access privileges to Bagram Airfield, Afghanistan. We held that, because the Senior Commander of Bagram Airfield revoked appellant's base access, the CO was justified in terminating appellant's contract for default. *Sang Kash Co.*, 19-1 BCA ¶ 37,373 at 181,703-04. In contrast, in this appeal Sang Kash seeks recovery of costs allegedly incurred prior to the termination for default. According to the complaint, such costs include salary for onsite personnel and equipment rental for the months prior to the termination for default on March 29, 2016 (SOF ¶ 9).

We previously have held that *res judicata* does not prevent a contractor from bringing a monetary claim while challenging a default termination. In *ADT Construction Group, Inc.*, we held that the doctrine of *res judicata* did not bar a contractor from seeking compensation for delays during the design stage of a project, while simultaneously challenging the government's termination of its contract for default. ASBCA No. 57322, 15-1 BCA ¶ 35,893 at 175,470-71. In that appeal, we reasoned that

4

the contractor's quantum claim placed the burden of proof on different parties, involved different legal standards, and involved a different set of facts. *Id.* The same reasoning applies in this appeal.

### *No Claim Submitted to the Contracting Officer*

Although the government's first two arguments in favor of dismissal failed, we must, however, dismiss this appeal on different grounds. Specifically, appellant's notice of appeal to the Board does not include any evidence that it first submitted its monetary claim to the contracting officer.

Sang Kash's April 20, 2019 letter, which it purportedly transmitted to the "Agency [B]oard of [C]ontract [A]ppeals [at] Regional Contracting Center – East" in Bagram, Afghanistan, does not constitute a "claim" to the CO (SOF ¶ 6). Sang Kash has produced no evidence that its April 20, 2019, letter was received by the CO at Bagram Airfield, Afghanistan. However, even if we assume that it was, the April 20, 2019 letter does not constitute a claim pursuant to FAR 2.101.

FAR 2.101 defines "claim," in relevant part, as "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain." Sang Kash's April 2019 letter contains only a reference to a "quantum claim to cover our expenses which we maintain the project operational and functional." The letter contains no dollar figure, nor any other information from which a dollar figure could be calculated. The letter states "[r]ecently I submit our Claim but the contracting officer did not give response, therefore we appeal to board." (SOF ¶ 8) However, Sang Kash provided no copy of its purported claim with its letter.

Sang Kash's re-transmission of its April 2019 letter to the Board does not cure the jurisdictional defect. Sang Kash's August 20, 2019 email transmitting the April 20 letter contains only a statement that "we appeal to reimburse for our quantum claim to cover our expenses which we maintain the project operational and functional" (*id.*). It does not set forth a dollar figure, or provide any detail regarding the amount or nature of the expenses incurred to maintain the project as "operational and functional." Moreover, it does not include a copy of the purported claim.

Finally, Sang Kash's complaint – which contains an "expenses report summary" setting forth alleged costs associated with the termination of the contract and associated task orders – does not satisfy the statutory requirement of a claim, because it was not first provided to the CO. *See KBAJ Enters., LLC*, ASBCA No. 60014, 16-1 BCA ¶ 36,570 at 178,115-16 (holding that claim must be submitted to the contracting officer).

Pursuant to 41 U.S.C. § 7103(a)(4)(A), Sang Kash has six years after the accrual of its claim to present its monetary claim to the CO. *Sikorsky Aircraft Corp. v. United States*, 773 F.3d 1315, 1320 (Fed. Cir. 2014). Although the Contract Disputes Act does not define the term "accrual," the FAR defines "accrual of a claim" as "the date when all events, that fix the alleged liability of either the Government or the contractor and permit assertion of the claim, were known or should have been known." FAR 33.201. In this appeal, Sang Kash knew, or should have known, of its monetary claim when the CO issued her final decision on March 29, 2016. Therefore, Sang Kash has until March 29, 2022, to present its monetary claim to the CO. Its claim must meet the requirements of FAR 2.101, in that it must set forth "a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain." We expect counsel for the government to work cooperatively with appellant to facilitate the transmission of appellant's claim to the CO.

In summary, because Sang Kash has provided no evidence that it has submitted its monetary claim to the CO for a decision, we do not possess jurisdiction to entertain the appeal.

## CONCLUSION

Accordingly, the appeal is dismissed without prejudice.

Dated: March 9, 2020

KENNETH D. WOODROW
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

6

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62148, Appeal of Sang Kash Company, rendered in conformance with the Board's Charter.

Dated:

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals
